**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HENRY ALEXANDER
ESCOBAR-BOJORQUEZ,                    :
                                      :
          Petitioner,                 :       Civ. No. 14-5075 (KM)
                                      :
     v.                               :       **OPINION (SCREENING)**
                                      :
JOHN TSOUKARIS, et al.                :
                                      :
          Respondent.                 :
_____ :

**KEVIN MCNULTY, U.S.D.J.**

## I.    INTRODUCTION

Petitioner, Henry Alexander Escobar-Bojorquez, is in the custody of the Newark Office of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Elizabeth Detention Center. According to the Complaint, ICE seeks to summarily deport the Petitioner because he illegally entered the United States on June 6, 1999, and was removed on June 7, 1999. ICE relies on Section 1231(5) of the INA, which permits the reinstatement of removal orders against removed aliens who have illegally reentered the country. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Yesterday, August 13, 2014, Petitioner filed his Petition and emergent order to show cause for a stay of deportation. This morning I heard oral argument by counsel for the Petitioner and the United States. There has been

1

no briefing, but at oral argument, the parties provided citations to case law, which the Court has supplemented with its own research.

My decision on the emergent application is intertwined with my initial screening of this habeas petition for jurisdictional and other defects. With respect to screening the petition, 28 U.S.C. § 2243 provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Because I find that, under the REAL ID Act, I lack jurisdiction over this habeas petition, I dismiss it. As I read the Court of Appeals case law, that Court's jurisdiction has been interpreted expansively, and this Court's jurisdiction narrowly. While I do not presume to define the Court of Appeals' jurisdiction, as I interpret that Court's cases, the REAL ID Act lodges exclusive jurisdiction there.

## II.   DISCUSSION

### A.   Reinstatement of a prior renewal order under Section 1231(5)

According to the Petition, ICE seeks to deport the Petitioner based on his illegal presence in the United States after a prior order of removal entered on June 7, 1999. ICE is proceeding under Section 1231(5) of the INA:

> (5)  Reinstatement of removal orders against aliens illegally reentering
>
> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(5).

The reinstatement of a removal order pursuant to Section 1231(5) requires an immigration officer to make three predicate determinations:

> (1)  Whether the alien has been subject to a prior order of removal. The immigration officer must obtain the prior order of exclusion, deportation, or removal relating to the alien.
>
> (2)  The identity of the alien, i.e., whether the alien is in fact an alien who was previously removed, or who departed voluntarily while under an order of exclusion, deportation, or removal. In disputed cases, verification of identity shall be accomplished by a comparison of fingerprints between those of the previously excluded, deported, or removed alien contained in Service records and those of the subject alien. In the absence of fingerprints in a disputed case the alien shall not be removed pursuant to this paragraph.
>
> (3)  Whether the alien unlawfully reentered the United States. In making this determination, the officer shall consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession. The immigration officer shall attempt to verify an alien's claim, if any, that he or she was lawfully admitted, which shall include a check of Service data systems available to the officer.

8 C.F.R. § 241.8(a). If so, the immigration officer shall provide the alien with written notice of the determination, shall advise the alien that he or she may contest the determination in writing, and shall consider whether the alien's statement warrants reconsideration of the determination. *Id.* § 241.8(b). If the

three requirements of (a) are met, the alien shall be removed under the previous order of removal. *Id.* § 241.8(c).

An alien contesting the reinstatement of a removal order may bring two types of challenges. The petitioner (a) may challenge to the underlying order of removal, or (b) may challenge the reinstatement itself. Although these challenges are distinct, I conclude that this Court does not have jurisdiction over either. I discuss them in turn.

### B.    Challenge to original order of removal

A challenge to the 1999 order of removal itself cannot be brought in this Court. The REAL ID Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 or Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).  REAL ID's modifications of former law "effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts

4

(habeas corpus) and the courts of appeals (petitions for review)." *Bonhonmetre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively strips a District Court of jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244-45 (3d Cir. 2008)); *Appiah v. United States Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego-Gomez v. Clancy*, No. 11-5942, 2011 WL 5288590, at *2 (Nov. 2, 2011), *aff'd*, 458 F. App'x 91 (3d Cir. 2012) (per curiam); *Calderon v. Holder*, No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see also Duvall v. Attorney Gen. of United States*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

The Third Circuit has rejected any contention that the reinstatement of a removal order revives the right to review, sets the appeal period running again, or takes it outside the scope of the REAL ID jurisdictional provisions. The Court of Appeals has held that it retains its exclusive jurisdiction over removal orders, even when they are reinstated pursuant to § 1231(a)(5). *Debeato v. Attorney Gen. of United States*, 505 F. 3d 231, 235-36 (3d Cir. 2007) (declining to follow 6th Circuit case reaching opposite result because it relied on pre-

REAL ID Act case law and did not accord with statutory language); *Verde-Rodriguez v. Attorney Gen. of United States*, 734 F.3d 198, 202 (3d Cir. 2013) ("*Debeato* makes clear that § 1252(a)(2)(D) overrides § 1231(a)(5)" to permit jurisdiction).[1]

The Third Circuit has stated that it intends to implement a "broad definition" of the term "order of removal," as used in the REAL ID Act. *Id.* at 206-07. Thus, for example, a procedural due process claim or other claim challenging the "process afforded [Petitioner] at his removal hearing" will be considered a challenge to an "order of removal" for purposes of the REAL ID Act, 8 U.S.C. § 1252(a)(5). *Verde-Rodriguez*, 734 F.3d at 206 (holding that Court of Appeals jurisdiction extends to those errors "'on which the validity of the final order [are] contingent'" where the relief sought "would clearly be inconsistent with the order of removal") (quoting *Immigration & Naturalization Service v. Chadha,* 462 U.S. 919, 938 (1983)). In short, all petitions for review arising from, or intertwined with the validity of, the order of removal are within the exclusive jurisdiction of the Court of Appeals. The REAL ID Act strips this district court of jurisdiction to review such an order, whether by habeas corpus or otherwise. [2]

---

[1]     In the context of reinstatement, any appeal of the original removal order is very likely to be untimely, and that is the case here. A challenge to a removal order, irrespective of whether it has been reinstated under Section 1231(a)(5), must be filed within 30 days of the original removal order. For removal orders predating the 2005 REAL ID Act, that 30-day deadline is deemed to run from the passage of the Act. *Verde-Rodriguez*, 734 F.3d at 203 (citing Section 1252(b)(1)); *see also id.* at 204 (failure to comply with deadline precluded jurisdiction to review petition under REAL ID Act).

[2]     It is well established in this Circuit that Court of Appeals review is an adequate alternative remedy, and that the REAL ID Act therefore does not constitute an

This Court lacks jurisdiction, *via* habeas corpus or otherwise, over any challenge to the original 1999 order of removal, or the procedures surrounding it.

## C.    Challenge to the reinstatement itself

The next question to be determined is whether review of the reinstatement determination, like review of the original order of removal, is exclusively committed to the Court of Appeals.  As stated above, the reinstatement of a prior order of removal requires three determinations: (1) that the alien was subject to a prior order of removal; (2) that the detainee is the same person named in that prior order; and (3) that the alien unlawfully reentered the United States. *See* 8 C.F.R. § 241.8(a). "The reinstatement process is purposely streamlined.... This is because an alien who is subject to a reinstatement order has already gone through a removal proceeding." *Ruiz v. Holder,* 547 F. App'x 656, 660 (6th Cir. 2013) (citations omitted).

Under the REAL ID Act, to say that I lack jurisdiction is tantamount to saying that the Court of Appeals possesses it. Without presuming to define the jurisdiction of the United States Court of Appeals for the Third Circuit, I must divine how it would view its own jurisdiction. Luckily, I am not writing on a clean slate. As I read the Court of Appeals precedents, appeals from reinstatements of orders of removal fall within the scope of the REAL ID Act, in

---

unconstitutional suspension of habeas corpus. *Kolkevich v. Att'y Gen.*, 501 F.3d 323 (3d Cir. 2007); *see also Qureshi v. Administrative Appeals Office (AAO)*, 408 F. App'x 611 (3d Cir. 2010).

keeping with the principle of broad construction that the Court has announced.

The Sixth Circuit has most clearly and categorically held that "the reinstatement order may be appealed to the appropriate circuit court of appeals," citing the REAL ID Act. *Ruiz v. Holder,* 547 F. App'x at 660. And the Third Circuit cases strongly support a similar result.

Thus, in *Buquez v. Attorney Gen. of U.S.*, the Third Circuit reviewed a challenge to one of the three 8 C.F.R. § 241.8(a) "predicate fact[s] of reinstatement - that [the alien] departed under an order of deportation." 394 F. App'x 932, 935 (3d Cir. 2010) (not precedential). The *Buquez* petitioner claimed that reinstatement was improper because he departed, not under an order of deportation, but voluntarily and under exceptional circumstances. *Id.* at 934. The Court of Appeals denied his appeal, concluding that that the administrative record supported ICE's conclusion that the petitioner departed under an order of deportation. *Id.* at 934. Nor was *Buquez* insensitive to jurisdictional issues; it carefully distinguished *Debeato, supra,* which, although it "involved a legal challenge to an original removal order, ... does not preclude other legal and constitutional claims." *Id.* at 933 n.2.

*Ponta-Garcia v. Attorney Gen. of U.S*, 557 F.3d 158 (3d Cir. 2009), turned out better for the petitioner, but the jurisdictional point is similar. That court considered a petitioner's challenge to another of the three predicate facts for reinstatement. Ponta-Garcia claimed that he had not reentered the United States illegally, as required for reinstatement under 8 C.F.R. § 241.8(a). The

Court of Appeals heard the appeal, agreed that the record was inadequate, and remanded the case to ICE for further review.

The Petition here is less than clear, but it may be read to challenge ICE's determination of two of the three predicate facts under 8 C.F.R. § 241.8(a). That is, he may be asserting that he is not subject to a prior order of removal and that his identity has not been verified.[3] Under the REAL ID Act, review of such determinations under 8 C.F.R. § 241.8 properly lies in the Court of Appeals, not here. If that Court finds that the immigration officer's findings are not supported by the administrative record, it may reverse or remand to ICE for further proceedings. *See Ponta-Garcia*, 557 F.3d at 165.

It is true that a district court may retain some limited, residual habeas jurisdiction as to certain claims. Despite the jurisdictional restrictions in the REAL ID Act, an alien challenging the legality of his detention (as opposed to an order of removal) can still petition a district court for a writ of habeas corpus. *See Bonhonmetre*, 414 F.2d at 446 n.4; *Verde-Rodriguez*, 734 F.3d at 205-07 (district court has jurisdiction over habeas petition that "challenges something other than an order of removal," but not over matters "intertwined" with the validity of the order itself) (citing *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d

---

[3]    Petitioner claims he has been deprived of procedures due him under Section 1229(a)(4)(B) of the INA, including an "opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government." (Pet. ¶ 7). That statutory section covers procedures in determining whether an alien is removable. This is a reinstatement of an already-entered order under Section 1231(5), a truncated procedure, as explained above.

169, 172 (3d Cir. 2006) (REAL ID act does not bar challenge by deportee who claimed no removal order was ever entered)).

I suppose that any challenge to removal may be said to implicate the legality of a detainee's detention, but I am certain that the Third Circuit was not speaking in that trivial sense.[4] In this case, ICE states that is reinstating an order of removal, and it rests the legality of its actions on 8 U.S.C. § 1231(5) and 8 C.F.R. § 241(8). Escobar's claims, however they are read, relate directly to that reinstatement, and it is the nature of Petitioner's challenge that invokes the Court's subject matter jurisdiction. Petitioner's challenge to the predicate determinations under 8 C.F.R. § 241(8) is properly reviewed by the Court of Appeals. And the very REAL ID Act which lodges jurisdiction in the Court of Appeals strips it from this Court. *See* 8 U.S.C. § 1252(a)(5).

### D.    Emergent Relief

These jurisdictional matters are sometimes difficult to assess, and I do not fault the Petitioner for seeking review in this Court. But because the Court lacks jurisdiction, it cannot enter the emergent stay sought by the Petitioner. I have, through the Assistant U.S. Attorney on the case, relayed my request that ICE permit a 30-day stay of deportation to permit the Petitioner to seek review in the Court of Appeals. I am informed through my clerk that ICE has informally agreed, and the courtesy is appreciated.

---

[4]    *Kumarasamy, supra,* for example, was far removed from the facts here. It was not a reinstatement, but a challenge to a deportation on the ground that there never had been an order of removal. It straddled the effective date of the REAL ID Act, and in any event the court found there was no habeas jurisdiction because the alien was not in custody.

**CONCLUSION**

The Petition is dismissed for lack of jurisdiction, and the motion for an emergent stay is denied. An appropriate order will be entered.


Dated: August 14, 2014

**KEVIN MCNULTY**
**United States District Judge**